UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephen F. Kinsella and
Catherine Kinsella, individually,
as husband and wife, and as
parents and natural guardians of
M.K.K., a minor,

Case No. 14-cv-5106 (PAM/HB)

Plaintiffs,

v.

**MEMORANDUM AND ORDER**

David Wallace Johnson,

Defendant.

---

This matter is before the Court on the parties' cross-Motions to Exclude Expert Testimony, and on Defendant's first Motion in Limine. For the reasons stated at the hearing and those that follow, the Motions are denied.

**BACKGROUND**

Plaintiffs Stephen and Catherine Kinsella and their minor daughter M.K.K. live in Kansas. In July 2010, they were driving on Highway 10 in Coon Rapids, Minnesota when Defendant David Johnson, whose car was exiting Highway 10, abruptly swerved back onto the highway, ramming Plaintiffs' car and causing each Plaintiff injuries. The relevant injury for the purposes of the instant Motions is a whiplash injury to Mr. Kinsella's thoracic spine.

Mr. Kinsella has been receiving treatment for his whiplash since the accident from Dr. Anthony Eidelman. Dr. Eidelman performs a procedure called radiofrequency

ablation or radiofrequency neurotomy ("RFN") on Mr. Kinsella. This procedure involves cauterizing the ends of the nerves in the involved vertebrae. According to Dr. Eidelman, RFN is the only procedure that relieves Mr. Kinsella's pain. RFN is not permanent, however, because the nerves regenerate. Thus, according to Dr. Eidelman, Mr. Kinsella will require the RFN procedure approximately once a year for the foreseeable future. There is no dispute that, although the RFN procedure is not a new one, its use on a repeated basis has been common only for the past 10 to 15 years. (Pls.' Ex. 5 (Docket No. 38-5) at 14.)

**DISCUSSION**

Rule 702 provides for the admissibility of expert opinion testimony. According to the Rule, this testimony is admissible if the expert is qualified and:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Court's role is to act as a "gatekeeper" to ensure that only relevant and reliable expert testimony is admitted. <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 589 (1993). To determine reliability, the Court should examine (1) whether the theory or technique can be and has been tested, (2) whether it has been

subjected to peer review and publication, (3) the known rate of potential error, and (4) whether the theory or technique has been generally accepted. Id. at 592-95.

But "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." Bonner v. ISP Techs., Inc., 259 F.3d 924, 929 (8th Cir. 2001) (citation and quotation omitted). The Court should exclude an expert witness "[o]nly if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury." Id. at 929-30.

### A. Plaintiffs' Motion

Although Plaintiffs' Motion is captioned as one seeking to exclude expert testimony, in fact Plaintiffs ask the Court to exclude data underlying the opinion of Defendant's expert, Dr. Daniel Randa. Defendant did not file an opposition to this Motion, instead relying on his own Motion as opposition.

Dr. Randa is a retired neurologist. He evaluated Stephen Kinsella in September 2015. Neither party has supplied the Court with Dr. Randa's qualifications, but it appears that Plaintiffs do not challenge those qualifications, despite their assertion that Dr. Randa did not perform RFN procedures himself when he practiced medicine.

Dr. Randa concludes that Mr. Kinsella should have up to a maximum of three RFN procedures and will not need further RFN treatment, despite Mr. Kinsella's physician's opinion to the contrary. To reach this conclusion, Dr. Randa relied on reports from two clinics that perform RFNs—the clinic where Mr. Kinsella's physician practices and the clinic at which Mr. Kinsella received his first RFN—and a 2008 affidavit by a Dr.

Blake Johnson filed in a different, unrelated case. The clinic reports indicate that few, if any, patients undergo RFNs more than three times, and no patient at either of the clinics had more than six RFNs. Dr. Johnson's 2008 affidavit states that fewer than ten of his patients had more than three RFNs.

Plaintiffs argue that the evidence on which Dr. Randa relies for his opinions is unreliable. But the evidence is not so much unreliable as it is incomplete and inherently weak. As such, it is a matter for cross-examination, not a <u>Daubert</u> motion. However, to the extent Dr. Randa relies on the affidavit of Dr. Johnson, that affidavit is simply too attenuated to this litigation to be admissible or reliable, and he is thus precluded from doing so.

**B.      Defendant's Motion**

Defendant asks for the exclusion of Mr. Kinsella's treating physician, Dr. Eidelman, contending that his opinion regarding Mr. Kinsella's need for ongoing RFNs is unreliable in light of the evidence outlined above. But merely because Defendant ostensibly has evidence to contradict Dr. Eidelman's opinions does not mean those opinions, which rely on his own examination of Mr. Kinsella and not Defendant's evidence, is inadmissible. Dr. Eidelman is entitled to opine as to his professional opinion with regard to his patient, Mr. Kinsella. Defendant can cross-examine him as to the basis for his opinion. And the jury can determine whether Dr. Eidelman or Defendant's evidence is more persuasive.

**C.    Defendant's Motion in Limine**

Defendant seeks the exclusion of an approximately seven-minute long video of an RFN procedure. Defendant contends that because the patient in the video is not Mr. Kinsella, the video is irrelevant and will waste time and confuse the jury. But if Dr. Eidelman testifies regarding the video and what it shows, and testifies that this is the precise procedure he performs on Mr. Kinsella, then the video is a proper demonstrative exhibit. The Motion is denied subject to any objections that may arise during trial.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiffs' Motion to Exclude Expert Testimony (Docket No. 35) is **DENIED**;

2. Defendant's Motion to Exclude Expert Testimony (Docket No. 44) is **DENIED**; and

3. Defendant's first Motion in Limine (Docket No. 41) is **DENIED without prejudice**.

Dated: Tuesday, August 4, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge